1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    John Richard Tacquard,            )    No. CIV 03-2599-PHX-MHM (VAM)
                                        )
10                Petitioner,           )    **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     Dora Schriro, et al.,              )
13                                      )
                  Respondents.          )
14                                      )
                                        )
15   _____)

16          Petitioner has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254

17   challenging his criminal conviction for misconduct involving weapons resulting in a sentence

18   of ten years imprisonment obtained in Maricopa County Superior Court, State of Arizona.

19   The matter was referred to Magistrate Judge Virginia A. Mathis who has issued a Report and

20   Recommendation that recommends that the Petition should be denied (Doc.15).  Petitioner

21   has filed objections to the Report and Recommendation.  (Doc. 16).

22                            **STANDARD OF REVIEW**

23          The Court must review the legal analysis in the Report and Recommendation de novo.

24   See 28 U.S.C. § 636(b)(1)(C).  The Court must review the factual analysis in the Report and

25   Recommendation de novo for those facts to which objections are filed.  Id.  "Failure to object

26   to a magistrate judge's recommendation waives all objections to the judge's findings of fact."

27   Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

28   //

**DISCUSSION**

Petitioner was arrested by Phoenix police officers at approximately 2:00 a.m. on September 27, 1999.   The officers had gone to a residence to apprehend one Kenneth Newman on an outstanding warrant.  The description of Newman had been provided by an anonymous caller.  A vehicle registered to Newman was parked in front of the residence. When the officers rang the doorbell and announced their presence, Petitioner  opened the door.  Petitioner matched in many respects the physical appearance of Newman.  In response to Officer Baltzer's questions inquiring as to his name and who owned the residence, Petitioner answered that he did not know.  Petitioner testified at the suppression hearing and acknowledged that he was evasive.  The officer observed what appeared to be a gun tucked in the front of Petitioner's pants.   The gun was seized following a pat down search of Petitioner. When the officer stated they were looking for "Kenneth", Petitioner responded that he did not know anyone by that name. When Petitioner again failed to provide his name, the officers took him into custody.  Upon determining Petitioner's true identity, the officers learned that he also had an outstanding warrant.

During trial, Petitioner stipulated that he had a prior felony conviction and that at the time of the incident his right to possess a firearm had not been restored, and that he knowingly possessed a gun at the time the officers came to the residence.  In his defense, Petitioner claimed that immediately prior to the officers' arrival at the residence, he had learned from a friend that a prison gang planned to rob his home that night.  Petitioner claimed that he had possessed the gun solely to protect himself and his property. Petitioner was convicted of violating A.R.S. § 13-3102(A)(4) (Supp. 2002), a class 4 felony, which prevents persons defined as "prohibited possessors" from being in possession of deadly weapons.

Petitioner has raised six grounds for relief in his federal habeas petition. The Magistrate Judge determined that Petitioner had properly raised Grounds I (in part), II and III and those grounds were considered on the merits.  As to Ground I, Petitioner has contended that he was denied a fair trial because the jury was instructed only on a "necessity" defense

- 2 -

1   but not as to other defenses including duress, justification, crime prevention, defense of

2   premises, defense of third persons and self defense. On appeal, the Arizona Court of Appeals

3   only considered Petitioner's claim of error in not instructing on the crime prevention defense

4   because Petitioner limited his argument to that issue. The Magistrate Judge reviewed the

5   Arizona Court of Appeals' determination that the requested instruction was not supported by

6   the evidence and deferred to the state appellate court's interpretation of state law. This Court

7   adopts the Magistrate Judge's recommendation on this issue.

8          With respect to Petitioner's additional contention in Ground I that instructions on the

9   other defenses should have been given, the Magistrate Judge determined that this claim had

10  not been properly exhausted and that the claim was procedurally defaulted. Petitioner has

11  objected to the Magistrate Judge's finding of procedural default and this issue is addressed

12  below.

13         In Ground II, Petitioner has asserted that his right to a fair trial was violated by the trial

14  court's refusal to permit a one-day continuance to locate and obtain the testimony of a defense

15  witness, James Crecelius. Petitioner contends that Mr. Crecelius was an eyewitness to the

16  threats made against the premises. It appears that defense counsel released Mr. Crecelius

17  when the trial court ruled that Petitioner could not raise a justification defense. However, the

18  trial court later ruled that Petitioner could raise a necessity defense. The trial court denied

19  Petitioner's request for a one-day continuance. It further appears that Petitioner was not

20  successful in locating Mr. Crecelius. As noted in the discussion of the Arizona Court of

21  Appeals opinion set forth in the Report and Recommendation, Mr. Crecelius, who lived with

22  Petitioner and was at home on the date of the incident, made no mention of any alleged threat

23  when he testified at the suppression hearing. In addition, Petitioner testified as to the alleged

24  threat as did his girlfriend. The Magistrate Judge has recommended that no substantial and

25  injurious effect on the outcome occurred in the absence of Mr. Crecelius' testimony which was

26  cumulative on the issue. The Court adopts the Magistrate Judge's recommendation on this

27  claim.

28

- 3 -

1    In Ground III, Petitioner has asserted violation of his Fourth Amendment rights based

2    on his arrest and search resulting in the seizure of the firearm.  As discussed in the Report and

3    Recommendation, Petitioner filed a motion to suppress and an evidentiary hearing was held

4    in the trial court proceedings.  Petitioner therefore was afforded a "full and fair opportunity"

5    to litigate this claim in the trial court who denied the motion to suppress.  Petitioner has filed

6    objections to the Magistrate Judge's recommendation on this issue, contending that the

7    material facts were not adequately developed at the hearing.  Petitioner contends that Officer

8    Baltzer did not testify at the hearing but did testify during trial that the anonymous call

9    describing Newman was not transcribed and that the dispatch record was not preserved.

10   Petitioner also contends that an accurate description of Newman was not provided during the

11   suppression hearing.  Petitioner has not shown how the lack of this information renders the

12   result on the Fourth Amendment claim unreliable.  Petitioner's objections are overruled.  The

13   Magistrate Judge's recommendation on Petitioner's Fourth Amendment claim is adopted by

14   this Court.

15   In his filed objections, Petitioner objects to the Magistrate Judge's recommendation that

16   certain of Petitioner's claims should be denied based on procedural default.  As discussed

17   above, the Magistrate Judge has recommended that Petitioner's request for additional defense

18   instructions during trial has been procedurally defaulted.  The Magistrate Judge further has

19   recommended that Grounds IV, V and VI should be denied based on procedural default.

20   As discussed in the Report and Recommendation, Petitioner has not shown cause for

21   failing to properly raise his claims in Grounds IV, V and VI in state court proceedings.

22   Petitioner also has not shown extraordinary circumstances, i.e., his actual innocence.  Neither

23   has Petitioner asserted any exceptions to preclusion are applicable.  See Beaty v. Stewart, 303

24   F.3d 975, 987 & n.5 (9th Cir. 2002)(finding no state court remedies and noting that petitioner

25   did not raise any exceptions to Ariz.R.Crim.P. 32.2(a)).  Petitioner does not assert expired

26   sentence, newly discovered material facts, no fault untimely post-conviction relief

27   proceeding, significant change in the law, or actual innocence. See Ariz.R.Crim.P. 32.2(b)(2);

28

- 4 -

1  32.1(d)-(h).  Petitioner also has not argued that any of the claims are of the type that cannot

2  be waived absent a personal knowing, voluntary and intelligent waiver.  Cf. <u>Cassett v.</u>

3  <u>Stewart</u>, 406 F.3d 614, 622 (9th Cir. 2005).

4        The Court has reviewed Petitioner's contentions that are the subject of procedural

5  default. Petitioner's claim in Ground I includes the assertion that certain requested instructions

6  were not given during trial.  His claim in Ground IV is premised on the contention that he was

7  denied certain favorable evidence, that is, the anonymous caller, during trial.  Petitioner's

8  claim in Ground VI is that he was denied a fast and speedy trial.  These claims do not fall

9  within the limited framework of claims requiring a knowing, voluntary and intelligent waiver.

10  <u>Cassett</u>, 406 F.3d at 622.  See Ariz.R.Crim.P. 32.2(a)(3) cmt. (noting that most claims of trial

11  error do not require a personal waiver); <u>Stewart v. Smith</u>, 46 P.2d 1067, 1070 (Ariz.

12  2002)(identifying right to counsel, right to a jury trial and right to a 12-person jury under the

13  Arizona Constitution as the type of claims that require personal waiver); <u>State v. Spreitz</u>, 945

14  P.2d 1260, 1270 (Ariz. 1997)(en banc)(regarding time limits relevant to speedy trial,

15  "[Ariz.R.Crim.P.] 8.2 does not grant the appellant any 'fundamental right' which cannot be

16  waived by his counsel")(quoting <u>State v. Killian</u>, 577 P.2d 259, 262 (Ariz.App. 1978)).

17        In Ground IV, Petitioner has asserted another claim based on the Fourth Amendment

18  and his motion to suppress which has been addressed on the merits in the Report and

19  Recommendation.  Also in Ground IV, Petitioner complains that information regarding the

20  identity of the anonymous caller was not provided during discovery and that had such

21  information been produced, the result of the proceedings would have been different.  In his

22  objections, Petitioner contends that "the state's determination is not fairly supported by the

23  record as a whole" and refers to "incomplete discovery" indicating "no search warrant" and

24  "no informant."  Broad, conclusory allegations of unconstitutionality are insufficient to state

25  a cognizable claim.  <u>Jones v. Gomez</u>, 66 F.3d 199, 205 (9th Cir. 1995).  Petitioner's objection

26  is conclusory and is overruled.

27

28

1    In Ground V, Petitioner has raised a claim of ineffective assistance of trial counsel.

2    Petitioner contends that trial counsel failed to represent his best interest regarding a possible

3    guilty plea, failed to raise pre-indictment delay, and failed to raise due process violations as

4    a result of the alleged failure to bring Petitioner before a magistrate on formal charges.

5    Petitioner also contends that counsel did not seek evidence relevant to the anonymous caller,

6    failed to object to testimony of Officer Baltzer regarding evidence that was not disclosed, and

7    failed to present defense witness Crecelius' testimony.

8    Regarding a claim of ineffective assistance of counsel under the Sixth Amendment,

9    a petitioner must show that counsel's performance was deficient and that the deficiency

10   prejudiced the defense.  In evaluating whether the performance of counsel was deficient in

11   a constitutional sense, the relevant question is whether counsel's representation fell below an

12   objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct.

13   2052 (1984). In considering prejudice, the inquiry is whether "there is a reasonable probability

14   that, but for counsel's unprofessional errors, the result of the proceeding would have been

15   different." Id., at 694.  A reasonable probability is "a probability sufficient to undermine

16   confidence in the outcome." Id.

17   The Court has previously discussed the cumulative nature of Mr. Crecelius' alleged

18   testimony in light of the trial testimony presented by Petitioner and his girlfriend.  Regarding

19   any alleged plea issue, Petitioner filed a reply to the Respondents' answer and attached a copy

20   of a letter dated June 20, 2001 Petitioner had written to the Arizona Bar Commission.  In this

21   letter, Petitioner states that counsel had advised him of a "plea agreement capped at 4.5 years."

22   (Doc. 12, Exh. 1, letter dated June 20, 2001).  However, Petitioner has not shown how defense

23   counsel did not represent his interest regarding a possible plea. Petitioner has not shown that

24   he desired to plead guilty rather than go to trial.

25   To make a successful claim that preindictment delay denied a defendant his Fifth

26   Amendment right to due process, Petitioner must first prove actual, non-speculative prejudice

27   to the defense from the delay.  United States v. Huntley, 976 F.2d 1287, 1290 (9th Cir. 1992).

28

1   Once prejudice has been sufficiently proved, the court may then undertake the task of

2   balancing the length of the delay against the reasons for the delay.  Id.  A defendant bears a

3   heavy burden to establish actual non-speculative prejudice.  Id.(citing United States v.

4   Lovasco, 431 U.S. 783, 790 (1977)).  Petitioner has not demonstrated resulting, actual non-

5   speculative prejudice such that his ability to present a meaningful defense was impaired, e.g.,

6   inability to call needed witnesses.  See, also, Grimes v. Goord, 371 F. Supp. 2d 305, 317

7   (W.D.N.Y. 2004)(noting that federal habeas courts have considered the constitutionality of

8   delaying arraignment of state defendants in a limited context as part of an analysis pursuant

9   to the Fifth Amendment of the voluntariness of confessions). Petitioner likewise has not

10  shown resulting prejudice from his claim of evidentiary error attributed to counsel.

11       Bald assertions of ineffective assistance of counsel do not entitle a petitioner to an

12  evidentiary hearing.  Langford v. Day, 110 F.3d 1386, 1388-89 (9th Cir. 1996).  Petitioner has

13  not asserted a colorable claim of ineffective assistance of counsel.  Cassett, 406 F.3d at 624

14  (unexhausted claim may be denied on the merits "only when it is perfectly clear that the

15  applicant does not raise even a colorable federal claim").

16       Petitioner appears to contend in his objections that appellate counsel rendered

17  ineffective assistance.  Petitioner alleges in Ground V that appellate counsel failed to raise

18  ineffective assistance of trial counsel to the appellate court.  Claims of ineffective assistance

19  of trial counsel are to be brought in Rule 32 proceedings, not on direct appeal.  State v.

20  Spreitz, 39 P.3d 525, 527 (Ariz. 2002). Petitioner's objection is overruled.

21       **Accordingly**,

22       **IT IS ORDERED** that Petitioner's objections (Doc. 16) to the Report and

23  Recommendation are overruled;

24       **IT IS FURTHER ORDERED** that the Court adopts the Magistrate Judge's Report and

25  Recommendation (Doc. 15) in its entirety and as supplemented by this Order;

26       **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus filed under

27  28 U.S.C. § 2254 is denied.

28

1    DATED this 4th day of November, 2005.

2

3

4    _____
                    Mary H. Murguia
5              United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                        - 8 -